**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH McCARERY, | ) |
| | ) |
| | ) Case No.: 26-cv-3135 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY DEMANDED** |
| City of Chicago Police Officers K. GOMEZ, Star No. 9909, F. SAUNO, Star No. 16890, and THE CITY OF CHICAGO | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.     At all times herein mentioned, Plaintiff Kenneth McCarery ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.     At all times herein mentioned, Defendants City of Chicago Police Officers, K. Gomez, star no. 9909 ("Defendant" or "Gomez") and F. Sauno, star no. 16890 ("Defendant" or "Sauno") were employed by a governmental agency and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department.

5. These Defendants are being sued in their individual capacities.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the University Park Police Department.

## FACTUAL ALLEGATIONS

7. On or about July 25, 2024, Plaintiff was located in his vehicle in the vicinity of 149 N. Western Ave, City of Chicago, State of Illinois.

8. On that date, Plaintiff's vehicle and Plaintiff were stopped and detained by the police. There was no legal cause to detain Plaintiff and/or his vehicle.

9. Plaintiff had his license and registration and insurance.

10. During the traffic stop, Gomez and/or Sauno began making some unusual statements to Plaintiff which were concerning. At any rate, eventually, one or both the Defendants told Plaintiff he could leave and Plaintiff left the scene in his vehicle.

11. Plaintiff was not ticketed at all.

12. The following morning, July 26, 2024, Plaintiff went to the police station to make a citizen's complaint about the concerning comments that were made by the Defendants the preceding day.

13. While Plaintiff was in the lobby of the police station, Defendant Gomez came out to Plaintiff and proceeded to handcuff Plaintiff, and then Defendants caused Plaintiff to be detained and arrested and jailed.

14. The Defendants then caused Plaintiff to be falsely charged with various crimes and infractions which they contended had occurred the day before during the traffic stop.

2

15. The crimes and infractions that Plaintiff was falsely charged with were using his cell phone while driving, fleeing and eluding, not having insurance, and failure to have his driver's license.

16. There was no legal cause to charge Plaintiff with any of these crimes and/or infractions.

17. On or about July 29, 2025, the crimes and infractions against Plaintiff were eventually all dismissed in a manner indicative of Plaintiff's innocence

18. The Defendants caused evidence in the case to be tampered with.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### WRONGFUL DETENTION AND MALICIOUS PROSECUTION
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS

21. Plaintiff re-alleges and incorporates all paragraphs 1-20 as though fully stated herein at this place.

3

22.    In the manner described above, on or about July 25, 2024, Defendants cause Plaintiff and his vehicle to be unlawfully detained without legal cause.

23.    Also, in the manner described above, on or about July 26, 2024, Plaintiff was then unlawfully arrested without probable cause or any lawful justification, in violation of the Fourth Amendment to the U.S. Constitution.

24.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

25.    The Defendants also caused Plaintiff to be charged with crimes and infractions without any probable cause to believe that he had committed any offense.

26.    Plaintiff's detention, arrest and prosecution were all due to the actions of all the individual Defendants in that the arrest and prosecution of Plaintiff are without legal cause.

27.    Plaintiff was caused to attend criminal court multiple times as a result of the actions of the Defendants.

28.    The charges were all dismissed in a manner indicative of Plaintiff's innocence on or about July 29, 2025.

29.    As a result of Defendants' misconduct, Plaintiff was injured, including a loss of liberty, emotional distress, and attorneys' fees.

30.    The misconduct described in this count was objectively unreasonable and undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established

4

constitutional rights.  Therefore, Plaintiff is entitled to punitive damages in an amount to be ascertained.

31.     Defendants' conduct was in violation of the Fourth Amendment. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

**COUNT II**

**STATE LAW CLAIM FOR MALICIOUS PROSECUTION**

**PLAINTIFF AGAINST THE CITY OF CHICAGO**

32.     Plaintiff hereby incorporates and realleges paragraphs 1-31 as though fully stated herein at this place.

33.     The individual defendants commenced and/or caused there to be a continued criminal prosecution of the Plaintiff.

34.     The underlying criminal charges were terminated in Plaintiff's favor because the charges were dismissed.

35.     Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty for the underlying criminal case and suffered emotional distress in a sum to be ascertained.

36.     The City of Chicago is liable to Plaintiff under the concept of *respondeat superior*.

37.     As a result of the foregoing, the City of Chicago is liable to the Plaintiff for the state law claim of malicious prosecution.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests

judgment as follows against the Defendants, and each of them:

1. That the individual Defendants and the City of Chicago be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:   s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efoxlaw.com

6

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/ Edward M. Fox</u>
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efoxlaw.com

7